IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ALFREDO SANTIAGO
SEPULVEDA, et al.,

Plaintiffs

v.

ESSO STANDARD OIL COMPANY
(PUERTO RICO), INC., et al.,

Defendants

CIVIL 08-1950 (CCC) (JA)
CIVIL 08-1986 (CCC) (JA)
CIVIL 08-2025 (CCC) (JA)
CIVIL 08-2032 (CCC) (JA)
CIVIL 08-2044 (CCC) (JA)

MEMORDANDUM ORDER

This matter is before the court on defendants' joint motion to amend or alter the judgment with regard to the Pabón-García partnership and the conjugal partnership of Julio López and Carmen H. Mercado-Reyes, pursuant to Federal Rule of Procedure 59(e) filed on October 31, 2008. (Docket No. 150). Plaintiffs filed an opposition to the motion on November 25, 2008. (Docket No. 159). Total Petroleum then repeated the October 31 motion in an "urgent" motion filed on December 31, 2008. (Docket No. 193). It appears that the Pabón-García partnership has not accepted Total's new franchise offer. For the following reasons the defendants' motion to amend or alter the judgment is GRANTED.

I. BACKGROUND

Plaintiff Esso franchisees were upset with Esso's decision to leave Puerto Rico. They sued to prevent Esso from leaving the island. They lost on that front.

CIVIL 08-1950 (CCC) (JA)                           2
CIVIL 08-1986 (CCC) (JA)
CIVIL 08-2025 (CCC) (JA)
CIVIL 08-2032 (CCC) (JA)
CIVIL 08-2044 (CCC) (JA)

The court found that Esso and Total Petroleum Puerto Rico Corporation ("TPPPC") had complied with the requirements of the Petroleum Marketing Practices Act ("PMPA") for market withdrawal with two exceptions.  Two franchisees, the brothers' Pabón-García partnership and the partnership of Julio López and his spouse Carmen H. Merado-Reyes, had not been offered franchise contracts, as required by the PMPA.  The court announced that it would schedule a hearing on damages for those two plaintiffs.  See Santiago-Sepúlveda v. Esso Standard Oil Co., 582 F. Supp. 2d 154, 185-86 (D.P.R. 2008).  Defendants now ask the court to vacate the portion of the October 18, 2008 opinion and order requiring the damages hearing.  TPPRC has since revised the franchise contracts offered to these particular plaintiffs and communicated these new offers to each of the plaintiffs.  Any defects in the original contracts have thus been corrected.  Accordingly, they argue any damages awarded in light of that correction would be unjust.

II.  DISCUSSION

The PMPA requires that the outgoing franchisor ensure that all franchisees receive non-discriminatory franchise offers from the incoming franchisor as a condition for market withdrawal.  15 U.S.C. § 2802(b)(2)(E)(iii)(II) (2008).  However, "the PMPA does not require that the franchisor's successor make its

CIVIL 08-1950 (CCC) (JA)                    3
CIVIL 08-1986 (CCC) (JA)
CIVIL 08-2025 (CCC) (JA)
CIVIL 08-2032 (CCC) (JA)
CIVIL 08-2044 (CCC) (JA)

[good faith], non-discriminatory offer within any particular time." Avramidis v. Arco Petroleum Prod. Co., 798 F.2d 12, 17 (1st Cir. 1986) (citing 15 U.S.C. § 2802(b)(2)(E)(iii)(II)); see S. Nev. Shell Dealers Ass'n v. Shell Oil Co., 634 F. Supp. 65, 71 (D. Nev. 1985). As long as the offer is made prior to the scheduled termination, compliance with the PMPA is complete.

Plaintiffs argues that the contracts finally offered by Total in the case of the Pabón-García brothers and Julio López and his wife Carmen H. Mercado-Reyes contain illegal and unenforceable terms and conditions. They thus claim Total and Esso's have not complied with the PMPA's provisions and therefore do not merit a declaration that they are in full compliance with the PMPA. Regardless of this argument, the defendants have provided the previously left out plaintiffs with the same or similar offers which are not discriminatory in nature in relation to these plaintiffs. I discussed at length the legality of the contracts in my opinion of October 18, 2008. (Docket No. 118.) See Santiago-Sepúlveda v. Esso Standard Oil Co., 582 F. Supp. 2d at 182-84. I need not repeat that reasoning here.

Defendants made their revised offers within the revised date of termination, October 31, 2008. They have cured the deficiency within the time allowed by the PMPA to make a valid, non-discriminatory offer. Therefore, the motion to amend judgment is granted, and the decision to hold a damages hearing in relation to

CIVIL 08-1950 (CCC) (JA)                    4
CIVIL 08-1986 (CCC) (JA)
CIVIL 08-2025 (CCC) (JA)
CIVIL 08-2032 (CCC) (JA)
CIVIL 08-2044 (CCC) (JA)


José Antonio Pabón-García, Sixto Pabón-García and Carmen H. Mercado-Reyes is

hereby VACATED.

      At San Juan, Puerto Rico this 12th day of January, 2009.

                                                      S/ JUSTO ARENAS
                                  Chief United States Magistrate Judge